United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIETA FLORES,<br>    Plaintiff,<br>       v.<br>SAFEWAY INC.,<br>    Defendant. | Case No. 19-cv-06079-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SAFEWAY'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 11 |

In this disability discrimination case, defendant Safeway moves to dismiss plaintiff Julieta Flores's two claims for violations of the ADA and the FMLA. Dkt. No. 11. Finding that Flores did not fail to exhaust her administrative remedies because the additional allegations in her complaint are reasonably related to the allegations in her EEOC charge, the Court DENIES the motion to dismiss the ADA claim. Finding that Flores has not alleged any violation of the FMLA during her period of eligibility, that is, after she had worked at Safeway for twelve months, the Court GRANTS the motion to dismiss the FMLA claim. The Court GRANTS leave to amend that claim because Ms. Flores could allege violations of FMLA occurring after her twelfth month of work at Safeway that are reasonably related to the allegations of her EEOC charge.

**I.  BACKGROUND**

   **A. Facts Alleged in the Complaint**

Plaintiff Julieta Flores began working at a Safeway store in Mountain View,

California on March 5, 2019. Dkt. No. 1, Complaint, at ¶ 6. She originally sought work as a cake decorator and pastry chef, but because there were no positions available in the bakery department, she was hired as a clerk in that department instead. *Id*. Her job responsibilities as a clerk included stocking shelves, customer service, answering phones, taking orders, delivering cakes, and cleaning. *Id*. ¶ 7. Over time, however, her responsibilities increased and included pastry and baking work in addition to her clerk duties. *Id*. ¶ 8. This substantial increase in her responsibilities led to the development of injuries in her hands. *Id*. ¶ 9. Specifically, her right wrist became swollen, a growth protruded from her wrist, and she developed trigger finger on her left hand. *Id*. The injuries began to impact her ability to work during the busy Thanksgiving season in 2018. *Id*.

Ms. Flores saw a doctor, who recommended that she take time off work to allow her wrist to heal. *Id*. ¶ 10. She requested time off to rest. *Id*. Her doctor had recommended that she take two weeks off, but her managers called her and told her to return to work after only three days. *Id*. Afraid to lose her job, she returned. *Id*. Her injury worsened as a result. *Id*.

Ms. Flores's managers at Safeway began harassing her about her injury. *Id*. ¶ 11. They yelled at her frequently and ignored the limitations that her injury imposed. *Id*. They told her to come to work on a Sunday, which was her day off. *Id*. They threatened that there would be consequences if she did not come in on Sunday. *Id*. Ms. Flores's managers also gave her inconsistent instructions about doctors' notes, reprimanding her for not providing the correct information from her doctors. *Id*. ¶ 12. She followed their instructions but was still reprimanded on multiple occasions. *Id*. She continued working, and continued exacerbating her injuries by doing so. *Id*.

**B. Procedural Background**

Ms. Flores brought claims through workman's compensation that have partially resolved. *Id*. ¶ 13. She also filed a Charge of Discrimination with the EEOC on February 26, 2019. Dkt. No. 1, Att. 1. The EEOC issued a Right to Sue notice on June 27, 2019.

Dkt. No. 1, Att. 2. Proceeding pro se, Ms. Flores filed this case on September 25, 2019, alleging two causes of action: discrimination based on disability in violation of the Americans with Disabilities Act, and violation of the Family Medical Leave Act. Dkt. No. 1. She also filed an application to proceed in forma pauperis. Dkt. No. 2. Accordingly, the Court screened the complaint under 28 U.S.C. § 1915. Dkt. No. 8. In its screening order, the Court granted the IFP application and held that the complaint sufficiently stated a claim under Federal Rule of Civil Procedure 8(a). *Id.* Safeway filed a motion to dismiss. Dkt. No. 11. Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 6, 12.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Defendant Safeway moves to dismiss on two grounds: first, that the Complaint's ADA claim includes allegations that go beyond the allegations of the EEOC charge,

1  meaning that Ms. Flores failed to exhaust her administrative remedies as to that claim; and
2  second, that Ms. Flores was not eligible for FMLA leave at the time she was allegedly
3  denied it because she had worked for Safeway for fewer than twelve months. Dkt. No. 11.
4  The Court addresses each argument in turn.

### A. Exhaustion of Administrative Remedies

A plaintiff bringing a claim of disability discrimination against her employer under the ADA must first file a charge of discrimination with the EEOC and receive a Right to Sue notice. *Rodriguez v. Airborne Express*, 265 F.3d 890, 901 (9th Cir. 2001). "When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination *like or reasonably related to* the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973) (emphasis added).

"[T]he primary function of an EEOC charge is to set in motion an EEOC investigation and conciliation, rather than to give notice to the employer of the claims against it." *Id*. The federal court's "subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (emphasis in original); *see also Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir.1990) (noting that the court "must inquire whether the original EEOC investigation would have encompassed the additional charges made in the court complaint but not included in the EEOC charge itself").

The Ninth Circuit construes the language of EEOC charges "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1100 (9th Cir. 2002); *cf. Love v. Pullman Co.,* 404 U.S. 522, 527 (1972) (stating that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process"); *see*

4

*also Rodriguez*, 265 F.3d at 897 (holding that EEOC "charges must be construed with great liberality.").

In determining whether the exhaustion requirement has been satisfied, "it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred . . . [t]he crucial element of a charge of discrimination is the factual statement contained therein." *Freeman*, 291 F.3d at 636. "Courts generally find judicial pleadings outside the scope of an administrative charge where a plaintiff alleges an entirely different theory of discrimination." *Baird v. Office Depot*, No. C-12-6316 EMC, 2014 WL 2527114, at *4 (N.D. Cal. June 4, 2014). For instance, if a charge only alleges gender discrimination, then the plaintiff has not exhausted a claim for age or race discrimination. *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1122 (1989); *see, e.g., Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1615 (1995) (stating that "a complaint alleging race discrimination is neither like or related to nor likely to be discovered in a reasonable investigation of a charge of sex discrimination") (internal quotations omitted).

Here, Safeway identifies the following primary differences between Ms. Flores's EEOC charge and her complaint:

1. Ms. Flores's EEOC charge indicates that the alleged disability discrimination took place from January 28, 2019, at the earliest, through February 25, 2019 (the day before the charge was filed), at the latest. Dkt. No. 1, Att. 1, at 1. In the complaint, Ms. Flores describes events beginning around the Thanksgiving season of 2018, several months earlier than January 2019. Compl. ¶ 9.

2. Ms. Flores alleges in her Complaint that she requested two weeks off per her doctor's recommendation and that her managers instructed her to return to work after three days. Compl. ¶ 10. In the EEOC charge, Ms. Flores only states that "my primary doctor has placed me out of work until March 7, 2019," which is

5

1. fewer than two weeks, and she does not mention being told to return after three days.[1]
2. 3. Ms. Flores describes harassment—including being yelled at by her managers—in the Complaint, but does not mention being harassed in her EEOC charge. Compl. ¶ 10.

Based on these discrepancies, Safeway moves to dismiss for failure to exhaust administrative remedies. Safeway acknowledges that Ms. Flores could amend the complaint to bring it in line with the allegations of the EEOC charge. Dkt. No. 17 at 3.

However, the Court finds that Ms. Flores need not amend her complaint. Though Ms. Flores provides a few months' more historical background on the cause of her injuries and alleges some additional detail, she does not introduce any new discrimination which Safeway's investigation of her EEOC charge should not have already uncovered. *Freeman*, 291 F.3d at 636. This information all "can reasonably be expected to grow out of the charge of discrimination." *Id*. Furthermore, most facts alleged in the charge and Complaint are the same: the basis for discrimination (disability), the perpetrators named (Flores's managers, Honario Mendoza and Enisa Sehic), the location where it occurred (Safeway's Mountain View Store), and the bulk of the facts describing her injuries and the discrimination itself. The additional allegations, such as that Ms. Flores was yelled at by her managers for her injuries, is "like or reasonably related to the allegations of the EEOC charge." *Oubichon*, 482 F.2d at 571.

The motion to dismiss Ms. Flores's claim for violation of the ADA is DENIED.

**B. Eligibility for Family Medical Leave Act**

An employee is only eligible for leave under FMLA if they have been employed by the employer for at least twelve months prior to commencement of the leave. 20 CFR § 825.110. Safeway argues that Ms. Flores was not eligible for FMLA leave at the time that it was allegedly denied because she had not worked at Safeway for a full year when she

---

[1] Of course, it is possible that the instruction to return to work after three days had simply not yet occurred.

requested leave. Dkt. No. 11 at 6. Ms. Flores began work at Safeway in March 2018 and requested leave in February 2019. Dkt. No. 1. However, Ms. Flores's opposition to the motion to dismiss suggests that she might have asked for, and been denied, leave after March 2019. Dkt. No. 16 at 4. The language of the opposition is unclear as to whether this actually occurred. Hypothetical argument in the opposition does not constitute additional pleaded facts.

As pleaded, the Complaint does not state a valid claim for violation of FMLA. However, Ms. Flores could plead additional facts—such as denial of FMLA leave after 12 months of work for Safeway—to cure this deficiency. As such, the Court GRANTS the motion to dismiss the second claim and GRANTS Ms. Flores leave to amend.

## IV. CONCLUSION

The Court DENIES the motion to dismiss Ms. Flores's claim for violation of the ADA. The Court GRANTS the motion to dismiss Ms. Flores's claim for violation of the FMLA, with leave to amend. An amended complaint must be filed in thirty days, by **March 4, 2020.** If no amended complaint is filed by that date, Safeway must answer the complaint by fourteen days later, **March 18, 2020.**

**IT IS SO ORDERED.**

Dated: February 3, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge